

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                                      *412/644-3500*

September 26, 2023

Charles J. Porter, Jr., Esquire
436 Seventh Avenue
Suite 300
Pittsburgh, Pennsylvania 15219

Re:   United States of America v.
      Blake T. Babin
      Criminal No. 23-106

Dear Mr. Porter:

This letter sets forth the agreement by which your client, Blake T. Babin, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Blake T. Babin and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Blake T. Babin will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Blake T. Babin, agrees to the following:

        1.    The defendant will enter a plea of guilty to Count One of the Indictment at Criminal No. 23-106, charging the defendant with violating 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii), that is, transporting an illegal alien within the United States, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

    2.    At the time Blake T. Babin enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

    3.    Blake T. Babin waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

    4.    Blake T. Babin waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

        (a)    If the United States appeals from the sentence, Blake T. Babin may take a direct appeal from the sentence.

        (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Blake T. Babin may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

    5.    In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

    B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

Page 3

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Blake T. Babin in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Blake T. Babin and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Blake T. Babin at Count One is:

    (a) A term of imprisonment of not more than 5 years;

    (b) A fine of not more than $250,000;

    (c) A term of supervised release of not more than 3 years; and

    (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The parties agree that under § 2L1.1(a)(3) of the Sentencing Guidelines, the defendant's base offense level is 12. The parties further agree that the base offense level should be lowered by 3 levels under § 2L1.1(b)(1) (offense was committed other than for profit) and 2 levels under § 3E1.1 (acceptance of responsibility) of the Guidelines.

    Thus, the parties agree that subject to the terms of paragraph B (2) of this agreement related to acceptance of responsibility, Blake T. Babin's overall offense level under the Sentencing Guidelines is 7.

    These agreements are not binding on the Court.

3. This agreement does not preclude the government from pursuing any civil or administrative remedies against Blake T. Babin or the defendant's property.

Page 4

4. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

5. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Blake T. Babin and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

ERIC G. OLSHAN
United States Attorney

CAROLYN J. BLOCH
Assistant United States Attorney

I have received this letter from my attorney, Charles J. Porter, Jr., Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
BLAKE T. BABIN

_____
Date: 11/8/23

Witnessed by:

_____
CHARLES J. PORTER, JR., ESQUIRE
Counsel for Blake T. Babin